UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LINDELL BROWN,<br><br>　　　　Petitioner,<br><br>　v.<br><br>CRAIG APKER, Warden,<br><br>　　　　Respondent. | Case No.: 1:16-cv-01160-JLT (HC)<br><br>ORDER GRANTING RESPONDENT'S MOTION TO DISMISS AND DISMISSING PETITION FOR WRIT OF HABEAS CORPUS AS SUCCESSIVE AND FOR ABUSE OF THE WRIT (Doc. No. 14)<br><br>ORDER DIRECTING CLERK OF COURT TO ENTER JUDGMENT AND CLOSE CASE<br><br>[NO CERTIFICATE OF APPEALABILITY REQUIRED] |

　　　　Petitioner, a federal prisoner, is currently incarcerated at Taft Correctional Institution. He filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 on August 8, 2016. He claims the federal prosecutor incorrectly stated the date of his offense and the Bureau of Prisons has incorrectly calculated his federal sentence by failing to award credit for time served while in state custody. On October 25, 2016, Respondent filed a motion to dismiss the petition as successive and for abuse of the writ. (Doc. No. 14.) Respondent argues that Petitioner has already sought the same relief in a prior petition and that petition was denied. Alternatively, Respondent claims the petition is without merit. Petitioner filed a notice of non-opposition and a traverse on December 1, 2016. (Doc. Nos. 16, 19.) Because the instant petition is successive and an abuse of the writ, the petition will be

**DISMISSED WITH PREJUDICE**.

## PROCEDURAL HISTORY

On November 14, 2008, the United States District Court for the Western District of Michigan sentenced Petitioner to a 204-month term of imprisonment for conspiracy to possess with intent to distribute 5 kilograms or more of cocaine in violation of 21 U.S.C. §§ 846, 841. (Resp't's Mot. Ex. 2, ¶ 6.) The sentence was ordered to run concurrent to Petitioner's state sentence. (Id.) In February of 2012, the sentence was amended and reduced to 180 months. (Id., ¶ 9.) The amended sentence was also ordered to run concurrently to the state sentence. (Id.)

In calculating Petitioner's federal sentence, the BOP did not credit the time Petitioner spent in state custody prior to the imposition of his federal sentence because that time was either credited toward the state sentence or spent in actual service of the state sentence. (Resp't's Mot. Ex. 1, ¶¶ 5-7; Ex. 2, ¶¶ 12-14.)

Petitioner filed the instant petition challenging the computation of his sentence on August 8, 2016. (Doc. No. 1). However, as Respondent notes, Petitioner has previously filed a federal petition for writ of habeas corpus. In October 2012, Petitioner filed a § 2241 petition in the District of Arizona challenging the BOP's calculation of his sentence. (Case No. 4:12-cv-00763-DTF; Resp't's Mot. Ex. 3.) As noted by Respondent, Petitioner alleged that the BOP "should have granted Petitioner credit on his federal sentence for the forty-one (41) months he spend in state custody and while awaiting federal sentencing." (Id. at 14-20.) On November 7, 2013, the Arizona District Court issued an order dismissing the petition. The court noted that Petitioner received the maximum credit to which he was entitled under the law, and awarding him additional credit would be considered double credit which is not permitted under 18 U.S.C. § 3585. (Id.) Petitioner then appealed to the Ninth Circuit Court of Appeals. The Ninth Circuit denied the appeal finding that the BOP had properly computed Petitioner's sentence. (Resp't's Mot. Ex. 1, Attach. 4.)

## DISCUSSION

A. Procedural Grounds for Motion to Dismiss

As mentioned, Respondent has filed a motion to dismiss the petition as successive and an abuse of the writ. Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss

a petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases.

The Ninth Circuit has allowed respondents to file a motion to dismiss in lieu of an answer if the motion attacks the pleadings for failing to exhaust state remedies or being in violation of the state's procedural rules. See, e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990) (using Rule 4 to evaluate motion to dismiss petition for failure to exhaust state remedies); White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989) (using Rule 4 as procedural grounds to review motion to dismiss for state procedural default); Hillery v. Pulley, 533 F.Supp. 1189, 1194 & n.12 (E.D. Cal. 1982) (same). Thus, a respondent can file a motion to dismiss after the court orders a response, and the court should use Rule 4 standards to review the motion. Id.

In this case, Respondent's motion to dismiss is based on the fact that the petition is successive and an abuse of the writ. Because Respondent's motion to dismiss is similar in procedural standing to a motion to dismiss for failure to exhaust state remedies or for state procedural default and Respondent has not yet filed a formal answer, the Court will review Respondent's motion to dismiss pursuant to its authority under Rule 4.

B. Successive Petition

Title 28 U.S.C. § 2244(a) prevents a federal inmate from utilizing § 2241 to challenge the validity of a federal court conviction or sentence which has previously been presented to the federal court for determination. See Valona v. United States, 138 F.3d 693, 694–695 (9th Cir.1998) (concluding that § 2244(a) bars successive petitions under § 2241 directed to the same issue concerning execution of a sentence); Chambers v. United States, 106 F.3d 472, 475 (2d Cir.1997) (barring as a second § 2241 petition a repetitive challenge to application of time credits in the administrative calculation of a federal sentence).

AEDPA's bar against successive petitions has been referred to as a modified *res judicata* rule placing limits on the traditional habeas corpus rule against "abuse of the writ," a "complex and evolving body of equitable principles informed and controlled by historical usage, statutory developments, and judicial decisions." Felker v. Turpin, 518 U.S. 651, 664 (1996) (citing McCleskey v. Zant, 499 U.S. 467, 489 (1991)). If a successive petition is filed, dismissal is warranted. Queen v.

Miner, 550 F.3d 253, 255 (3d Cir.2008); Chambers v. United States, 106 F.3d 472, 475 (2d Cir.1997).

The petitioner seeks a re-computation of the sentence based on an award of prior custody credits for time served in state custody.  This is the same issue presented in the prior habeas petition before the District of Arizona and the Ninth Circuit.  In his opposition, Petitioner attempts to circumvent the bar against successive petitions by claiming he is challenging the computation of his sentence on different grounds than in his prior petition.  This is a distinction without a difference.  While Petitioner's arguments may be different, the subject matter of the petition, i.e., computation of his federal sentence based on time served in state custody, is the same.  In addition, the abuse of the writ doctrine "'forbids the reconsideration of claims that were or could have been raised in a prior habeas petition.'" Alaimalo v. United States, 645 F.3d 1042, 1049 (9th Cir. 2011) (emphasis added) (quoting Calderon v. United States Dist. Ct. (Kelly), 163 F.3d 530, 538 (9th Cir. 1998) (en banc).

Accordingly, the instant petition for writ of habeas corpus should be dismissed as successive and an abuse of the writ.  That being so, the Court will not address the merits of the petition.

**ORDER**

Based on the foregoing, the Court **ORDERS**:

1. Respondent's motion to dismiss is **GRANTED**;
2. The petition for writ of habeas corpus is **DISMISSED WITH PREJUDICE**;
3. The Clerk of Court is **DIRECTED** to enter judgment and close the case; and
4. No certificate of appealability is required. Forde v. U.S. Parole Commission, 114 F.3d 878 (9th Cir. 1997).

IT IS SO ORDERED.

Dated: **December 22, 2016**          /s/ Jennifer L. Thurston
                                        UNITED STATES MAGISTRATE JUDGE